IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CHARLES SANMANN,**

    Petitioner,

vs.                                                Case No. 4:07cv168-MP/WCS

**STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner filed a petition, titled "Habeas Corpus + or Writ of Mandamus and Emergency Motion for Dismissal of Indictment / Information. For [Excessive Unnecessary] Delays in the Courts." Doc. 1. Petitioner was held in pretrial detention prior to his state court conviction when the petition was filed. He sought release from custody and dismissal of the charges as he had already served over one year.

Leave to proceed in forma pauperis was granted, and Petitioner was directed to show cause why his 28 U.S.C. § 2241 petition should not be summarily dismissed. Doc. 4 (incorporated herein by reference). Petitioner filed a response, asking for dismissal of the indictment and any other proper relief. Doc. 5, p. 7 (signed July 3,

2007). On an attached page, prefaced by "amendment added," Petitioner advises that as of July 9 all of his pro se motions were summarily dismissed by the state court and he had been sentenced to 30 years. *Id.*, p. 8. He claims the state court would not rule on the merits of his motions and counsel would not endorse the motions or preserve the issues, thus providing ineffective assistance of counsel. *Id.* Petitioner asserts "irreparable damage" if the conviction is allowed to stand. *Id.*

Petitioner is no longer detained at the Leon County Jail. According to website of the Florida Department of Corrections (DOC), Petitioner was received by the DOC on July 19, 2007, and is currently held at the Graceville Correctional Facility.[1] Petitioner has never notified the court of his new address.

As Petitioner is now "a person in custody pursuant to the judgment of a State court" and claims "he is in custody in violation of the Constitution . . . of the United States," his petition must proceed under 28 U.S.C. § 2254 as well as § 2241. § 2254(a); Medberry v. Crosby, 351 F.3d 1049, 1060-62 (11th Cir. 2003), *cert. denied,* 541 U.S. 1032 (2004) (§ 2254 creates restrictions on the authority to grant habeas corpus relief where the petitioner is in custody pursuant to a state court judgment).[2]

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)." O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999). Conversely,

---

[1] The clerk has been instructed to note Petitioner's DOC number and new address on the docket.

[2] The show cause order noted that, because Petitioner had *not* yet been convicted, any relief would be pursuant to § 2241. Doc. 4, p. 2 (citations omitted).

Case No. 4:07cv168-MP/WCS

"[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." § 2254(b)(2).

The petition should be summarily dismissed without prejudice. As a pretrial § 2241 petition it is now moot, and Petitioner has not had time to exhaust all available state court remedies for purposes of proceeding under § 2254. See § 2254(c) ("[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

Petitioner is advised that there is a one year limitations period for filing a § 2254 petition which (with some exceptions) generally runs from the date on which the judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). The one year period is tolled while a "properly filed" application for relief is pending in state court. § 2244(d)(2).

It is therefore respectfully **RECOMMENDED** that the § 2241 petition (doc. 1) be **SUMMARILY DISMISSED** without prejudice to filing a § 2254 petition following exhaustion of available state court remedies.

**IN CHAMBERS** at Tallahassee, Florida, on December 19, 2007.

        s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Case No. 4:07cv168-MP/WCS

Case 4:07-cv-00168-MP-WCS   Document 6   Filed 12/19/07   Page 4 of 4

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**